*290 The opinion of the Court was delivered by
Tod», J.
Tire facts connected with this controversy, about which there is no dispute, are substantially as follows:
W. E. Hall, the first husband of the plaintiff, Caroline. Gillespie, died in the year 1862, leaving a plantation and other property belonging to the community between him and his surviving spouse and three minor children, issue of the marriage. The widow qualified as administratrix of the succession, and the administration was closed in 1870, by the homologation of the final account.
• In 1868, the widow contracted a second marriage with one Charles Gillespie. On the 1st of February, 1870, a few days after the homologation of the final account of said succession, a suit was instituted in in the District Court of the Parish of DeSoto, in the name of Mrs. Gillespie, against her minor children, represented by a tutor, who had been appointed to them after the second marriage of their mother, having for its object the partition of the plantation and other property belonging to the community between W. E. Hall, deceased, and his surviving wife, then Mrs. Gillespie, as stated, and also for the recovery of $12,700, the alleged indebtedness of the community to Mrs. Gillespie. Judgment was rendered in this suit, ordering the sale of the plantation which was known as the “ Starlight Plantation,” to effect the partition, and recognizing the plaintiff therein a creditor of said community for the amount stated, which was ordered paid out of the proceeds of the sale. Under this judgment, the plantation was sold on the 30th of April, 1870, at sheriff’s sale, for $21,000, one-third cash, and the balance in two equal annual instalments, as declared in the sheriff’s deed, and M. H. Twitchell, one of the defendants in the present suit, became the purchaser. Twitchell took possession of the property, and on the 2d of February 1877,.conveyed the same, by act passed in New Orleans, to his mother, Mrs. Elizabeth Twitchell, then a resident of the State of Vermont; and since the institution of this suit, the property has been sold under judgments against M. H. Twitchell and Elizabeth Twitchell, and bought in by other parties.
On the 1st of November, 1877, the present action wasbrouglitby Mrs. Gillespie and her children against M. H. Twitchell and Mrs. Elizabeth Twitchell, to have the judgment of partition, referred to, and the proceedings connected therewith, and the sheriff’s sale of the Starlight Plantation declared null, and to cause themselves to be restored to the possession of the property and to have the conveyance or transfer by M. H. Twitchell to Mrs Elizabeth Twitchell decreed a simulation.
The grounds of nullity urged by the plaintiff against the proceedings in question, are, substantially, that the District Court of DeSoto, that rendered the judgment under which the property ivas sold, was-ivithout *291 jurisdiction ratione materia, and that the said suit, proceedings and sale, were had and conducted without their knowledge and consent, and were the result of a fraudulent conspiracy between Charles K. Gillespie, the husband of Caroline Gillespie, and the step-father of her children, and the said Twitchell, to rob them of their property, and enrich themselves by an act of flagrant spoliation, and that said Twitchell had placed the title to the property in his mother, an impecunious person and a resident of another State, by a simulated transfer, for the purpose of investing the federal courts with a fictitious jurisdiction, and to avoid or impede an action by the petitioners to annul the fraudulent proceedings and recover their property.
The defendants appeared and filed a motion to remove the cause to the Circuit Court of the United States, which was overruled. They then filed the following exceptions:
1. That plaintiffs’ petition discloses no cause of action, in this, that the children and heirs of Win. E. Hall, deceased, sue for the recovery of their interest in certain community property, without alleging that the community had been settled ; that all the debts thereof had been paid ■, that anything remained after the debts.
2. That Caroline Gillespie, one of the plaintiffs in this suit, was also plaintiff in suit 2926, in which there was a judgment rendered in her favor and against the minors for $12,700, and accruing interest, and that this judgment was paid out of the proceeds of the sale sought to be annulled, and she has thereby acquiesced in said suit, judgment and sale.
3. That the $21,000, purchase price of this land, was paid to Caroline Bryan, and J. D. Wemple, tutor for Hall minors. The minors are equitably estopped from setting up the nullity of said sale •, their right of action is on the tutor’s bond, and not against the property.
4. That plaintiffs have never refunded the purchase price of said land, nor any part thereof, nor have they made any legal tender thereof; and they cannot sue to annul said sale until they have repaid the purchase price or made a tender thereof.
5. That plaintiffs are the warrantors of the title to M. H. Twitchell, and for that reason cannot assail it.
6. That plaintiffs cannot sue to annul a sale without alleging and showing injury.
7. That a suit to annul a judgment must be brought in the parish where it was rendered. In this case suit was brought in Red River to annul a judgment rendered in DeSoto Parish.
8. That at the date of sheriff Carr’s sale to M. H. Twitchell, 30th of April, 1870, Della Coleman, M. H. Twitchell’s first wife, was then living, and by whom he had one child, now living, and a citizen of Vermont, *292 and a minor, and that since said sale the mother has died, and through whom said minor inherited an undivided one-half interest in this land and improvements, and that minor is not mado a party to this suit.
9. That plaintiff’s petition discloses no cause of action as to Mrs. Elizabeth Twitchell, because she purchased in good faith from M. H. Twitohell, by an authentic title, on 17th of April, 1877, for a fair price cash, and upon the faith of M. II. Twitchell’s previously recorded title and possession under it.
These exceptions were “referred to the merits without prejudice."
The answer amounts substantially to a general and special denial of the allegations of the petition, with a reconventional demand for improvements and pleas of prescription. There was a judgment in favor of the children and heirs of Wm. E. Hall, to the extent of an undivided half of the property, and rejecting the demand of Mrs. Gillespie, from which she (Mrs. Gillespie) and the defendants appealed. This appeal came up before our immediate predecessors, and the 8th exception to the action above set forth, 'relating to the intei’ests of a minor child of Twitchell in the suit, not made party thereto, was sustained, and the case remanded. After the remanding, the omission referred to was supplied, the case again tried, a similar judgment rendered, and both parties have again appealed.
,1. The first question presented for our consideration is the motion for the removal of the cause to the federal courts.
This question, under a very similar state of facts and pleadings, was before this Court in the case of Stafford vs. Twitchell et al., 33 A. 525, being the same defendants as in the instant case. That was a suit to annul a tax sale of certain lands bought at such sale by M. H. Twitchell and subsequently conveyed to his mother, Mrs. Elizabeth Twitchell, as in this case. The motion for removal was made on the same grounds and for the same reasons, as contained in the present motion before us. We held, for the reasons given at length in that case, that the motion was properly refused. Those reasons, when applied to the instant case, are strengthened by a feature in this case which did not exist in that, and that is, the charge that the sale from M. H. Twitchell to Mrs. E. Twitchell, of the lands in controversy, was a pure simulation, presenting an issue that could not be determined unless both were parties to the suit. It is unncessary to reproduce or reiterate the reasons given for our conclusions in that case, it is sufficient to say that they are strictly applicable to the present motion, and that we re-aflinn them, and refer to them as constituting the grounds of our concurrence with the ruling of the Jiidge a quo in denying the motion in this case.
■ 2. As to the exceptions, a careful consideration of them satisfies us they are without force. The petition alleges that the administration *293 of W. E. Hall’s succession had been closed, the final account of the administratrix filed and homologated, and the property turned over to the heirs; those allegations sufficiently show that the debts of the community had been paid, if such allegations were necessary in an action of this hind, about which we express no opinion. The 2d, 3d, 1th and 5th exceptions arc based on the theory that the suit is to annul a judgment and the proceedings under it, on account of mere irregularities, and that the plaintiffs had been the beneficiaries of these proceedings, and had incurred obligations to make restitution, whereas the averments of the petition charged that these proceedings had been instituted under a conspiracy to defraud them, and had been conducted without their knowledge or consent, and that they had received no part of the proceeds of the alleged sale. Admitting the truth of those allegations, plaintiffs could not be affected by the proceedings and were not obliged to make any tender before bringing the suit.
The action of nullity was properly brought in Red River Parish. This Parish had been created after the partition proceedings had taken place and the, record of those proceedings had been removed from the Parish of DeSoto, where they had been conducted, to the Parish of Red River, which latter Parish embraced that part of DeSoto where the principal parties to the proceedings resided at the time they were pending, and their residence when the present suit was brought. See Act of 1871, p. 86; Act of 1873, p. 142. The rest of the exceptions require no special notice. They were properly overruled.